# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| MONOLITO B. COOPER, ) | |
| ) | |
| Plaintiff, ) | No. 1:15-cv-164-HSM-SKL |
| ) | |
| v. ) | |
| ) | |
| JERRY CLARK, et al, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

On June 30, 2015, this Court filed an Order of Deficiency [Doc. 3] ordering Plaintiff to pay the entire filing fee within thirty (30) days or submit the necessary documents to support his *in forma pauperis* application. Plaintiff was warned that if he does not comply with this Court's order the Court would presume that he did not wish to proceed in this action and that he is not indigent, would assess the filling fee, and would order the case dismissed for want of prosecution. Plaintiff's copy of that order, which was mailed to him at his last known address of Sullivan Co. Jail, P.O. Box 585, Blountville, Tennessee, was returned undelivered on October 13, 2015, with the notation "Attempted- Not Known Unable to Forward."

Plaintiff bears the burden of prosecuting his action, which includes informing the Court of his correct mailing address, and he has not done so. A plaintiff has an affirmative duty to notify the Court of any change of address. *Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [pro se plaintiff's] address changed, he had an affirmative duty to supply the court with notice of any and all changes in his address."); *see also Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991) ("[W]hile pro se litigants may be entitled to some latitude when

dealing with sophisticated legal issues … there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC*, 1:07-cv-289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the court appraised of his current address, petitioner demonstrates a lack of prosecution of his action."). A plaintiff's failure to supply the Court with an updated address subjects the action to dismissal under Federal Rule of Civil Procedure 41(b). Fed. R. Civ. P. 41(b) (providing for dismissal where "the plaintiff fails to prosecute"); *see also Kosher v. Butler Cnty. Jail*, No. 1:12-cv-51, 2012 WL 4808546, *2 (S.D. Ohio Sept. 9, 2012) (citing *Buck v. U.S. Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 608-09 (6th Cir. 1992)) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.").

The Court finds that Plaintiff failed to provide the Court with an updated address and failed to monitor his case electronically. The Court, therefore, has no way to communicate with Plaintiff about his case. The Court has no way to knowing a litigant's mailing address except by checking the address provided by the litigant and filed on the docket. Any problems arising from an inability to communicate with Plaintiff is directly attributed to Plaintiff's failure to update the docket.

Accordingly, this action will be **DISMISSED**, sua sponte, for failure to prosecute and to comply with the rules of this Court.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER.**

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE